IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ernestine Wingate as the Personal Representative of the Estate of Ernest Russell, | Civil Action No.: 4:13-3343-BHH |
| Plaintiff, | **ORDER AND OPINION** |
| vs. | |
| Wayne Byrd, both individually and in his Official capacity as the Sherriff of Darlington County; Darlington County Sherriff's Office; The County of Darlington; The City of Darlington Police Department; The City of Darlington; Ben Weatherford; Clyde M Shephard; And John Does 1-10, | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion to reconsider (ECF No. 143). For the reasons set forth herein, the motion to reconsider is granted in part and the case is remanded to the Magistrate Judge for consideration of the issues specified below.

## I.  BACKGROUND

This action arises out of the execution of a search warrant, resulting in the death of Ernest Russell ("Russell"). On October 18, 2013, Plaintiff Ernestine Wingate ("Plaintiff"), as personal representative of the estate of Russell, filed this 42 U.S.C. § 1983 action alleging Defendants violated Russell's Fourth and Fourteenth Amendment rights. The facts and procedural history of this case are set forth in detail in the Court's

1

September 30, 2016 Order (ECF No. 134) granting in part and denying in part Defendant Weatherford's Motion for Summary Judgment (ECF No. 59), granting Defendants Wayne Byrd, Darlington County Sherriff's Office, and County of Darlington's Motion for Summary Judgment (ECF No. 64), and granting Defendants City of Darlington, Darlington Police Department, and Clyde M. Sheppard's Motion for Summary Judgment (ECF No. 63).

Relevant to this motion, the September 30, 2016 Order found that Plaintiff had failed to allege that Defendants Wayne Byrd, Darlington County Sheriff's Office, and Darlington County were vicariously liable for Weatherford's alleged torts. The Order further found that Plaintiff failed to put forth any evidence that these Defendants were negligent in their supervision of Weatherford. Therefore, the Court dismissed Plaintiff's negligence claim under the South Carolina Tort Claims Act ("SCTCA") against Defendants Wayne Byrd, Darlington County Sheriff's Office, and Darlington County. On October 26, 2016, Plaintiff filed a motion to reconsider the Court's finding that summary judgment was appropriate on Plaintiff's vicarious liability negligence claim. (ECF No. 143.) Defendant filed a response on November 14, 2016, (ECF No. 144), to which Plaintiff replied on November 28, 2016 (ECF No. 145). This matter is ripe for review.

## STANDARD OF REVIEW

Plaintiff asks the Court to reconsider its decision on the basis that allowing summary judgment to stand would be clear error that would result in manifest injustice. (ECF No. 143 at 1–2.)  She analyzes the present motion for reconsideration under the standard that the Fourth Circuit has outlined for review of Rule 59(e) motions to alter or amend a judgment.  Courts within the Fourth Circuit have determined that such a motion

should be granted only for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citations omitted) (explaining the standard of review for Rule 59(e) motions); *Slep-Tone Entm't Corp. v. Garner*, No. 11-cv-00122, 2011 WL 6370364, at *1 (W.D.N.C. Dec. 20, 2011) (describing the standard of review for Rule 54(b) motions); *Zurich Am. Ins. Co. v. Fieldstone*, No. CCB-06-cv-2055, 2008 WL 941627, at *1 (D. Md. Mar. 24, 2008) (same).

## DISCUSSION

Citing language from the Complaint, Plaintiff asserts that she expressly alleged that Defendants Wayne Byrd, Darlington County Sheriff's Office, and Darlington County ("the Employing Defendants") are vicariously liable for Weatherford's alleged misconduct. Therefore, she argues, the negligence claim under the SCTCA should survive summary judgment. (ECF No. 143 at 3–4).

Upon review, the Complaint does indeed appear to allege a vicarious liability claim against the Employing Defendants for Weatherford's alleged torts. (*See* ECF No. 1-1 ¶¶ 3, 65). However, such a finding does not resolve the matter entirely. Instead, the Court believes the record is undeveloped as to the merits of a vicarious liability negligence claim under the SCTCA, as it was never addressed by the Magistrate Judge.[1] Certain important issues remain inadequately briefed, such as whether Eleventh

---

[1] This is not surprising, as the parties failed to address a vicarious liability negligence claim under the SCTCA in any brief that appeared before the Magistrate Judge. Indeed, this claim was treated as an afterthought in the initial briefing before this Court, and is only now being more thoroughly addressed by the parties at the motion to reconsider stage.

3

Amendment immunity applies to these Defendants and bars this claim in federal court,[2] whether this claim is barred by immunity provisions under the SCTCA, and whether Defendants would otherwise be entitled to summary judgment on this claim. In the interest of judicial efficiency and fairness, the Court remands this matter to the Magistrate Judge for consideration of the merits of Plaintiff's vicarious liability negligence claim against the Employing Defendants.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 143) is GRANTED IN PART and DENIED IN PART. The Court vacates the portion of its September 30, 2016 Order relating to the viability of a vicarious liability negligence claim under the SCTCA (ECF No. 134 at 39–41), and remands this case to the Magistrate Judge for consideration of this claim as to Defendants Wayne Byrd, Darlington County Sheriff's Office, and Darlington County. Specifically, the Magistrate Judge should address the merits of the vicarious liability negligence claim under the SCTCA, with particular attention to whether Eleventh Amendment immunity applies to these Defendants and extends to bar this claim in federal court, whether this claim is barred by immunity provisions under the SCTCA, and whether Defendants are otherwise be entitled to summary judgment on this claim. To assist the Court, the parties shall submit supplemental briefing on these issues within thirty days from the issuance of this Order.

**IT IS SO ORDERED**.

---

[2] *See McCall v. Williams*, 52 F. Supp. 2d 611, 615 (D.S.C. 1999) (stating that Eleventh Amendment immunity, where applicable, extends to claims brought under the South Carolina Tort Claims Act); *see also* S.C. Code Ann. § 15–78–20(e) ("Nothing in this chapter is [to be] construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States . . . .").

                                                  <u>/s/Bruce Howe Hendricks</u>
                                                  United States District Judge

Greenville, South Carolina
December 1, 2016